# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KEVIN T. LAWRENCE,            )
                              )
           Plaintiff,         )
                              )
     v.                       )         1:13CV70
                              )
CAROLYN W. COLVIN,            )
Acting Commissioner of Social )
Security,                     )
                              )
           Defendant.         )
```

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Kevin Lawrence, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of Defendant, the Acting Commissioner of Social Security, denying Plaintiff's claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). (See Docket Entry 2.) The Court has before it the certified administrative record (cited herein as "Tr. __") and the parties have filed cross-motions for judgment (Docket Entries 9, 12). For the reasons that follow, the Court should enter judgment for Defendant.

### PROCEDURAL HISTORY

Plaintiff applied for DIB and a period of disability, alleging a disability onset date of August 18, 2000. (Tr. 151-52.) After

denial of the application, both initially (Tr. 82) and on reconsideration (Tr. 90), Plaintiff requested a hearing de novo before an Administrative Law Judge ("ALJ") (Tr. 107). Plaintiff, his attorney, and a vocational expert ("VE") appeared at the hearing. (Tr. 40-69.) The ALJ thereafter determined that Plaintiff did not qualify as disabled within the meaning of the Act. (Tr. 25-36.) The Appeals Council subsequently denied Plaintiff's request for review, thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review. (Tr. 1-3.)

In rendering that disability ruling, the ALJ made the following findings later adopted by the Commissioner:

> 1. [Plaintiff] last met the insured status requirements of the Social Security Act on June 30, 2007.
>
> 2. [Plaintiff] did not engage in substantial gainful activity during the period from his alleged onset date of August 18, 2000[,] through his date last insured of June 30, 2007 (20 CFR 404.1571 *et seq.*).
>
> . . .
>
> 3. Through the date last insured, [Plaintiff] had the following severe impairments: bipolar disorder, general anxiety disorder, posttraumatic stress disorder, and history of alcohol dependence. (20 CFR 404.1520(c)).
>
> . . .
>
> 4. Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20

2

CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

. . .

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, [Plaintiff] had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: as of the claimant's date last insured, his mental disorders reduced his capacity to the performance of only unskilled work consisting of simple, routine, repetitive tasks, and jobs with only occasional contact with the public.

(Tr. 27-29.)

In light of the foregoing findings regarding residual functional capacity, the ALJ determined that Plaintiff could not perform his past relevant work. (Tr. 34.) However, the ALJ found that other jobs existed with significant numbers in the national economy that Plaintiff could have performed. (Tr. 35.) Accordingly, the ALJ ruled that Plaintiff did not have a disability, as defined in the Act, at any time from the alleged onset date through the date last insured. (Tr. 36.)

## **DISCUSSION**

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of . . . review of [such a] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d

3

396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hines, 453 F.3d at 561 (internal brackets and quotation marks omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal brackets and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the [C]ourt should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ, as adopted by the Social Security Commissioner]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Social Security Commissioner] (or the ALJ)." Id. at 179 (internal quotation marks omitted). "The issue before

4

[the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In confronting that issue, the Court must note that "[a] claimant for disability benefits bears the burden of proving a disability," Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981), and that, in this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months,'" id. (quoting 42 U.S.C. § 423(d)(1)(A)). "To regularize the adjudicative process, the Social Security Administration has . . . promulgated . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." Id. "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." Id. (internal citations omitted).

This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' i.e., currently working; and (2) must have a

5

'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform [the claimant's] past work or (5) any other work." Albright v. Commissioner of Soc. Sec. Admin., 174 F.3d 473, 475 n.2 (4th Cir. 1999).[1] A finding adverse to a claimant at any of several points in the SEP forecloses an award and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at each of the first three steps, "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment, the ALJ must assess the claimant's residual functional capacity ('RFC')." Id. at 179.[2] Step four then requires the ALJ to assess

---

[1] "Through the fourth step, the burden of production and proof is on the claimant. If the claimant reaches step five, the burden shifts to the [government] . . . ." Hunter, 993 F.2d at 35 (internal citations omitted).

[2] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The

6

whether, based on that RFC, the claimant can perform "past relevant work" ("PRW"); if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, whereupon the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.[3]

### Assignments of Error

Plaintiff argues the ALJ erred by: (1) failing to obtain a standard mental RFC assessment, (2) deciding the RFC on his own without medical opinion, and (3) failing to conduct the "more

---

RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." Hines, 453 F.3d at 562-63.

[3] A claimant thus can qualify as disabled via two paths through the SEP. The first path requires resolution of the questions at steps one, two, and three in the claimant's favor, whereas, on the second path, the claimant must prevail at steps one, two, four, and five. Some short-hand judicial characterizations of the SEP appear to gloss over the fact that an adverse finding against a claimant on step three does not terminate the analysis. See, e.g., Hunter, 993 F.2d at 35 ("If the ALJ finds that a claimant has not satisfied any step of the process, review does not proceed to the next step.").

detailed assessment" as required by Social Security Regulation ("SSR") 96-8p. (Docket Entry 10 at 2.)

**1. Mental RFC Assessment**

Plaintiff argues that the ALJ erred by failing to obtain a mental RFC assessment pursuant to 42 U.S.C. § 421(h) and 20 C.F.R. § 404.1520a(e). (Docket Entry 10 at 4-5.) Section § 421(h) provides that, when evidence exists of a mental impairment, Defendant will attempt to have a qualified psychiatrist or psychologist complete any applicable RFC assessment before the ultimate determination on disability. Here, Defendant complied with the statute and referred the case to qualified mental health providers for such evaluations. (See Tr. 76-81, 83-89.) Both providers completed the applicable RFC assessment prior to the ultimate determination of not disabled. (Tr. 80, 88.)[4] Thus, Defendant complied with Section 421(h).

Section 20 C.F.R. § 404.1520a(e) only requires that Defendant document the use of a prescribed method for determining whether a party matches a mental disability listing, see 20 C.F.R. § 404.1520a(a). In this case, the record reflects such documentation. (See Tr. 28-29, 79, 86-87.) Thus, Defendant complied with Section 404.1520a(e).

---

[4] Although the providers did not propose an RFC because of insufficient evidence, that fact does not establish a violation of Section 421(h).

In sum, the Court should reject Plaintiff's first assignment of error.

**2. RFC Determination**

Plaintiff next argues that the ALJ erred by deciding the RFC without any medical input. Plaintiff and Defendant cite dueling decisions from the United States Court of Appeals for the First Circuit addressing how ALJs may make RFC determinations. (Docket Entry 10 at 3 n.1 (citing Manso-Pizarro v. Secretary of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996)); Docket Entry 13 at 4 (citing Evangelista v. Secretary of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987)).) Of course, neither case constitutes binding precedent on this Court. Instead, the undersigned finds the case of Felton-Miller v. Astrue, 459 F. App'x. 226 (4th Cir. 2011), instructive.[5]

In Felton-Miller, a claimant appealed the district court's affirmation of the ALJ's denial of her application for DIB and supplemental security income. Id. On appeal, the claimant argued that substantial evidence did not support the ALJ's RFC finding because the ALJ did not obtain an expert medical opinion. Id. at 230. The court found the argument without merit. Id. In doing so, the court noted that the RFC determination fell within the

---

[5] Although Felton-Miller does not constitute binding authority because of its unpublished status, see 4th Cir. R. 32.1, it represents the best available predictor of what the United States Court of Appeals for the Fourth Circuit would do, if faced with this issue.

9

Commissioner's province and stated: "[t]he ALJ was not required to obtain an expert medical opinion as to [the claimant's] RFC." Id. at 230-31; see also Broussard v. Colvin, No. 5:12-CV-398-FL, 2013 WL 5370592, at *3 (E.D.N.C. Sept. 24, 2013) (citing, in case involving mental impairment, Felton-Miller for proposition that "an ALJ is not required to obtain an expert medical opinion as to . . . RFC" (internal quotation marks omitted)).

The reasoning of Felton-Miller matches the obligations of the parties in evaluating the RFC. The claimant bears the burden to produce evidence to establish his RFC. See 20 C.F.R. § 404.1512(c); see also Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) ("The [claimant] bears the burden of production and proof during the first four steps of the inquiry."). Based on the information provided by the claimant, the ALJ bears the burden of ultimately determining the appropriate RFC. See 20 C.F.R. § 404.1546(c); see also Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) ("The ALJ is responsible for determining a claimant's RFC . . . ."). Accordingly, the ALJ did not have an obligation to obtain a medical opinion in determining the RFC. Rather, it remained the ALJ's obligation to determine the RFC based on Plaintiff's testimony, "the objective medical evidence, and the opinions of treating, examining, and non-examining physicians," Felton-Miller, 459 F. App'x at 231. Thus, the ALJ did not err, and Plaintiff's second assignment of error should be overruled.

10

### 3. The More Detailed Assessment

Plaintiff baldly asserts that Defendant failed to conduct the more detailed assessment required by SSR 96-8p. (Docket Entry 10 at 5.) SSR 96-8p requires an ALJ to provide a "more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments . . . ." In this case, the ALJ conducted the requisite assessment as evidenced by the resulting RFC. The ALJ specifically included in Plaintiff's RFC limitations to "unskilled work consisting of simple, routine, repetitive tasks, and jobs with only occasional contact with the public." (Tr. 29.) The ALJ conducted a thorough analysis of Plaintiff's medical history in determining the appropriate RFC. (See Tr. 28-34.) Thus, the ALJ performed the necessary, more detailed assessment as required by SSR 96-8p and Plaintiff's third assignment of error lacks merit.

### 4. Harmless Error

As a final note, even if the Court found that the ALJ erred in a manner argued by Plaintiff, Plaintiff has failed to explain and address how such error affected the resulting RFC. In order to prevail upon review, Plaintiff must demonstrate that the errors prevented a more restrictive RFC or a different outcome in the case. See Turner v. Colvin, No. 1:13cv761, 2015 WL 502082, at *11

11

(M.D.N.C. Feb. 5, 2015), recommendation adopted, slip op. (M.D.N.C. Mar. 6, 2015). In this instance, Plaintiff has repeatedly claimed and argued that Defendant erred in determining the RFC (see Docket Entry 10 at 2-5; Docket Entry 15); however, Plaintiff has not identified any effect of those alleged errors (see Docket Entry 10; Docket Entry 15). Absent such demonstration, Plaintiff has suffered only harmless error that does not merit remand. See Turner, 2015 WL 50282, at *11.

## CONCLUSION

Because Plaintiff has failed to demonstrate that the ALJ erred, the Court should uphold the denial of benefits.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be affirmed, that Plaintiff's Motion for Judgment on the Pleadings (Docket Entry 9) be denied, that Defendant's Motion for Judgment on the Pleadings (Docket Entry 12) be granted, and that this action be dismissed with prejudice.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 29, 2015